DANIEL G. BOGDEN
United States Attorney
Nevada State Bar No. 2137
MICHAEL A. HUMPHREYS
Assistant United States Attorney
Lloyd D. George United States Courthouse
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone (702) 388-6336
Facsimile (702) 388-6787
Michael.Humphreys@usdoj.gov
Counsel for the United States of America

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

$91,110.00 IN UNITED STATES CURRENCY,

        Defendant.

2:12-CV- (    )

### **VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

    The United States of America, by and through Daniel G. Bogden, United States Attorney for the District of Nevada, and Michael A. Humphreys, Assistant United States Attorney, in a civil cause for forfeiture, respectfully states as follows:

### **SUBJECT MATTER JURISDICTION**

    1. This Court has jurisdiction under the provisions of 19 U.S.C. §§ 1603, 1608, and 1610; 18 U.S.C. § 983; 28 U.S.C. §§ 1345, 1355 and 1395; 21 U.S.C. § 881; and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Fed. R. Civ. P. Supp. Rule").

## *IN REM* JURISDICTION

2. This Court will have *In Rem* jurisdiction over the defendant-currency if this Court signs an Order for Summons and Warrant of Arrest, *In Rem*, for the property and the Clerk of the Court issues a Summons and Warrant of Arrest *In Rem*, which will be executed upon the defendant-currency and returned to this Court.

## VENUE

3. This Court has venue over this matter pursuant to 28 U.S.C. §§ 1355 and 1395 because the above-named defendant-currency is now and, during the pendency of this action, will be in the jurisdiction of this Court and because the defendant-currency was found in this judicial district.

## PARTICULAR DESCRIPTION

4. The defendant is more particularly described as $91,110.00 in United States Currency. At the time of the seizure, the currency was comprised of the following breakdown of denominations:

        1303    twenty-dollar bills
        506    one-hundred dollar bills
        289    fifty-dollar bills

## PLACE OF SEIZURE

5. The seizure took place at McCarran International Airport, in Las Vegas, Nevada, on February 26, 2012, as two bags, belonging to Noel Heard were submitted to TSA personnel for routine security screening. The $91,110.00 in United States Currency was found hidden in the lining of those bags.

## CUSTODY OF ASSET

6. The defendant-currency has remained in the care, custody and control of the United States Marshals Service within the jurisdiction of this Court.

2

## TIMELY FILING

7. The defendant-currency was subject to administrative summary forfeiture proceedings. However, on March 30, 2012, Noel Heard filed an administrative claim with the Drug Enforcement Administration for the entire amount of $91,110.00.

## VALUE

8. The face value of the seized currency is $91,110.00.

## FACTS

9. On February 26, 2012, Noel Heard presented two carry-on bags to TSA security screeners at McCarran International Airport as a pre-condition to being allowed to board a Southwest Airlines flight bound for Los Angeles. When TSA personnel x-rayed the bags they noticed anomalies. Because of the anomalies the bags were hand-searched. During the hand search, the screeners saw tears in the bags. The tears had tapes on them, and the tears were in the same location as the anomalies that had been highlighted by the x-ray machine.

10. With Noel Heard's consent the screeners removed the tape from each bag and found a cache of vacuum-sealed United States Currency hidden behind the liner of each bag. Vacuum-sealed bags are commonly used in the illicit drug trade to package (and suppress the odor of) drugs and drug-laced currency. The currency was also tied together in separate packets by rubber bands, which is another method that couriers of drug-derived proceeds use to transport those proceeds. The total amount found in both bags was $91,110.00 in United States Currency.

11. When first questioned about the currency, Noel Heard said that it did not belong to him.

3

12. Shortly after the seizure occurred, Metro Police Officers joined the investigation and Heard agreed to walk to the police sub-station, where he consented to be interviewed about the currency. When officers, again, asked Heard whether he owned the currency, Heard changed his story and stated that the money belonged to him.

13. Heard told the officers that he had begun his travel in Atlanta, Georgia on the previous day (February 25, 2012) and when he arrived in Las Vegas he stayed over-night with a friend. He said that his plans were to travel to Los Angeles to scout for a location to open a clothing store. But later changed that story to say that he was going to leave the money at a friend's house and use the money from time to time as needed.

14. In addition, Heard told the officers that he had been to Los Angeles only once before. But later changed that story to say that he had been to Los Angeles on several occasions.

15. When Heard was asked about the source of the currency, he said that it was derived from sales at his clothing store in Atlanta, Georgia; drag racing motorcycles; investing; and, personal savings. Heard stated that he had receipts, bills of sale and other documents, which he would produce, to verify the legitimacy of the seized assets. Heard never produced any documentary proof regarding the nature, the source or the origin of the currency.

16. Immediately after the currency was seized, a trained drug detection dog, 'Vaya,' reacted to the currency as recently having been in close proximity to drugs.

17. Noel Heard has felony convictions for the following drug offenses:

2000 – Manufacturing, Selling, Dispensing, Distributing Drugs – Rockdale County (GA.) Superior Court

1992 – Dangerous Drugs – Rockdale County (GA.) Superior Court

1990 – Dangerous Drugs – Rockdale County (GA.) Superior Court

4

## FIRST CAUSE OF ACTION

18. The United States realleges, readopts, and reincorporates all the allegations contained in paragraphs 1 through 17 as though fully set forth herein.

19. The defendant-currency was furnished or was intended to be furnished in exchange for controlled substances in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

## SECOND CAUSE OF ACTION

20. The United States realleges, readopts, and reincorporates all the allegations contained in paragraphs 1 through 19 as though fully set forth herein.

21. The defendant-currency is proceeds traceable to exchanges of controlled substances in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

## THIRD CAUSE OF ACTION

22. The United States realleges, readopts, and reincorporates all the allegations contained in paragraphs 1 through 21 as though fully set forth herein.

23. The defendant-currency was used or was intended to be used to facilitate violations of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

## CONCLUSION

24. Because of the foregoing, the defendant-currency is subject to seizure and should be forfeited to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States of America prays as follows:

1. Due process issue to enforce the forfeiture of the defendant-currency;

2. Due notice be given to any interested party to appear and to show cause why the forfeiture should not be decreed;

3. The defendant-currency be condemned and be forfeited to the United States; and

4. This Court enter other and further relief as it deems just and proper.

DATED this 26th day of June, 2012.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

MICHAEL A. HUMPHREYS
Assistant United States Attorney

## VERIFICATION

I, Jeffrey Bell, DEA AGENT, am a Special Agent with the Drug Enforcement Administration. I have read the contents of the foregoing complaint, and I verify and affirm, under penalty of perjury, that the foregoing is true and correct pursuant to 28 U.S.C. §1746(2).

Executed on this 26th day of June, 2012.

Special Agent
Drug Enforcement Administration

6