UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,         )<br>                                                           )<br>              Plaintiff,                      )<br>                                                           )<br>v.                                                     )<br>                                                           )<br>$91,110.00 IN UNITED STATES    )<br>CURRENCY,                                )<br>                                                           )<br>              Defendant.                   )<br>_____)  | 2:12-CV-01112-LRH-NJK<br><br>ORDER |

This is forfeiture action. Before the court is plaintiff United States of America's Motion to Strike the Answer of Noel Heard (#12), to which Heard's estate has responded (#14). The United States has replied (#15). Also before the court is the United States' Ex Parte Motion for an Order to Seal its Motion to Strike (#13).

**I.       Facts and Procedural History**

On February 26, 2012, Noel Heard appeared at McCarran International Airport prepared to board a flight from Las Vegas, Nevada to Los Angeles, California. During preliminary security screening, Heard's luggage raised the suspicions of Transportation Security Administration officers. These officers gave Heard's luggage a more thorough screening, revealing several vacuum-sealed bags containing a total of $91,110.00. In addition, a drug-detection dog "alerted" to the currency packets, suggesting that the money had recently been in close proximity to illegal drugs. The government seized the currency.

On June 26, 2012, the United States filed its complaint for forfeiture under 21 U.S.C. § 881(6), alleging that the currency was "intended to be furnished . . . in exchange for a controlled substance," or that it was "proceeds traceable to such an exchange," or that it was "intended to be used to facilitate a violation of [the Controlled Substances Act, 21 U.S.C. § 801 *et seq*.]" (#1). Prior to the United States' service of process upon Heard's attorney, Heard died. Service of process was effected on August 21, 2012, and Heard's attorney filed an answer on behalf of Heard's estate on September 4, 2012 (#6). Heard's attorney also filed a certificate of interested parties naming Heard's mother (#8). The United States has moved to strike Heard's answer with a view towards securing default judgment.

**II.     Discussion**

Supplemental Rule of Federal Civil Procedure G governs the procedures of a civil forfeiture action. Rule G(5)(a) requires a person asserting an interest in the seized property to first file a claim "(A) identify[ing] the specific property claimed; (B) identify[ing] the claimant and stat[ing] the claimant's interest in the property; (C) [] signed by the claimant under penalty of perjury; and (D) [] served on the government attorney." After the claimant has filed his claim, he has twenty-one days to serve and file an answer to the forfeiture complaint. Supp. R. G(5)(b). It is undisputed that Heard's estate has not filed a claim pursuant to Rule G(5)(a).

The United States argues that Heard's estate lacks standing to contest this civil forfeiture action because no claim has been filed. *See United States v. Real Property known as the Lido Motel*, 135 F.3d 1312, 1317-18 (9th Cir. 1998) (holding that a potential claimant lacked standing to challenge default judgment because he had not filed a claim). In response, Heard's estate requests leave to file an untimely claim.

Such leave is appropriate. Supplemental Rule G(5)(a)(ii) provides that the court may "for good cause" allow an untimely claim. While the Supplemental Rules demand "strict compliance," *Real Property known as the Lido Motel*, 135 F.3d at 1316, this compliance admits exceptions. In *United States v. $100,348.00 in U.S. Currency*, 354 F.3d 1110 (9th Cir. 2004), the court set forth

"factors that the district court should consider in ruling on an untimely [Rule G(5) claim].[1]" These factors include "(1) when the claimant became aware of the currency's seizure, (2) whether the United States Attorney may have encouraged the delay, and (3) the decedent's . . . death during this period, which may have caused the estate's delay in filing." *$100,348.00 in U.S. Currency*, 354 F.3d at 1117 (quotation marks and citation omitted). Furthermore, these factors merit consideration only where "the goals underlying the time restriction and the verification requirement are not thwarted"–goals which include avoiding prejudice to the government. *Id*.

Here, Heard's death warrants the permission of a late-filed claim. First, Heard's estate answered within the time frame allowed for a verified claim, substantially mitigating any prejudice to the government. Second, the committee notes to Supplemental Rule G advise that a court should strike an answer for "failure to comply with the pleading requirements of subdivision G(5) . . . only if satisfied that an opportunity should not be afforded to cure the defects under Rule 15." This acknowledgment of Rule 15, invoking its liberal policy permitting amendment, suggests that the goals of the Supplemental Rules are furthered by decisions in forfeiture actions on the merits. *See also United States v. Borromeo*, 945 F.2d 750, 754 (4th Cir. 1991) ("The government may still 'win' the money, but it must let [the claimant] into the courthouse."). Third, Heard's death and the subsequent attempt to locate his heirs–and therefore those with standing to contest the forfeiture–"may have caused the estate's delay in filing." *See $100,348.00 in U.S. Currency*, 354 F.3d at 1117. The inference that Heard's death caused delay is supported by the certificate of interested parties, which identifies Heard's mother (presumably an heir) as an interested party but was filed ten days after the answer (#8). Therefore, Heard's estate is granted leave to file an untimely claim under Rule G(5).

///

---

[1] This case addresses Supplemental Rule C(6), the (functionally equivalent) Rule governing forfeiture procedures before the adoption of Rule G(5) in 2006. *See* Supp. R. G advisory committee notes.

1  IT IS THEREFORE ORDERED that the United States' Motion to Strike the Answer of
2  Noel Heard (#12) is DENIED.
3  IT IS FURTHER ORDERED that Heard's estate's representatives have twenty (20) days
4  from the date of issuance of this Order to comply with the requirements of Supplemental Rule
5  G(5).
6  IT IS FURTHER ORDERED that the United States' Ex Parte Motion for an Order to Seal
7  its Motion to Strike (#13) is GRANTED in part and DENIED in part. The United States is directed
8  to re-file its Motion to Strike unsealed and without Attachments 3 and 4. Attachments 3 and 4 will
9  remained sealed in the original filing (#12).
10 IT IS SO ORDERED.
11 DATED this 21st of March, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE