UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | 2:12-CV-01112-LRH-CWH |
| v. | ) | |
| | ) | ORDER |
| $91,110.00 IN UNITED STATES CURRENCY, | ) | |
| Defendant. | ) | |

This is a forfeiture action. Before the Court is Plaintiff United States of America's (the "United States") Motion to Strike the Claim of Linda Pitts in her Purported Official Capacity as Representative of the Estate of Noel Heard (Doc. #20) for Failure to Comply with the Pleading Requirements of Supplemental Rule G(5). Doc. #22.[1] The Estate of Noel Heard, through Linda Pitts as the Duly Authorized Representative of the Estate of Noel Heard, filed a Response (Doc. #25), to which the United States replied (Doc. #26).

**I.  Procedural History**

On June 26, 2012, the United States filed its complaint for forfeiture under 21 U.S.C. § 881(6), alleging that the $91,110.00 in seized currency was "intended to be furnished . . . in exchange for a controlled substance," or that it was "proceeds traceable to such an exchange," or that it was "intended to be used to facilitate a violation of [the Controlled Substances Act, 21

---

[1] Refers to the Court's docket entry number.

U.S.C. § 801 *et seq*.].ESCAPE"  Doc. #1.  Before the United States served process on Heard's attorney, Heard died.  Service of process was effected on August 21, 2012, and Heard's attorney filed an Answer on Heard's behalf on September 4, 2012.[2]  Doc. #6.  Heard's attorney also filed a Certificate of Interested Parties naming Heard's mother, Pitts.  Doc. #8.

On November 5, 2012, the United States filed a Motion to Strike Heard's Answer.  Doc. #12.  Therein, the United States argued that neither Heard nor Pitts, on behalf of Heard's Estate, had standing to contest the civil forfeiture because neither had filed a verified claim as required by Supplemental Rule G(5).  In response, Heard's Estate requested leave to file an untimely claim.  On March 21, 2013, the Court entered an Order denying the United States Motion to Strike Heard's Answer and granting Heard's Estate leave to file an untimely claim within twenty (20) days.  *See* Doc. #17, pp. 3-4.  The Court found that Heard's death warranted an exception to the "strict compliance" otherwise required by the Supplemental Rules.  *See id.* at p. 3.

Thereafter, on April 10, 2013, Pitts, on behalf of Heard's Estate, filed a Verified Claim Pursuant to Supplemental Rule G(5).  Doc. #20.  On January 6, 2014, the United States filed the present Motion to Strike the Claim of Pitts in her Purported Official Capacity as Representative of the Estate of Noel Heard (Doc. #20) for Failure to Comply with the Pleading Requirements of Supplemental Rule G(5).  Doc. #22.

**II.   Discussion**

Supplemental Rule G governs the procedure in a civil forfeiture action.  Rule G(5)(a) requires a person asserting an interest in the seized property to first file a claim "(A) identify[ing] the specific property claimed; (B) identify[ing] the claimant and stat[ing] the claimant's interest in the property; (C) [] signed by the claimant under penalty of perjury; and (D) [] served on the

---

[2] The Court appreciates that it mischaracterized Heard's Answer as having been filed on behalf of his Estate in its March 21, 2013 Order denying the United States' Motion to Strike.  As the United States correctly points out, Heard's attorney filed the Answer on Heard's behalf, in his individual capacity, and not on behalf of his Estate.  *See* Doc. #6.

government attorney." After the claimant has filed his claim, he has twenty-one (21) days to serve and file an answer to the forfeiture complaint. Supp. R. G(5)(b).

Here, the United States argues that Pitts' and/or the Estate of Heard's failure to file a timely answer justifies an order striking her and/or its claim. *See* Doc. #22, pp. 3-4. In response, Pitts, on behalf of Heard's Estate, argues that Heard filed his Answer on September 4, 2012 (Doc. #6), and that Pitts, on behalf of Heard's Estate filed a Verified Claim on April 10, 2013 (Doc. #20). *See* Doc. #25, p. 1. The Court finds that Pitts, on behalf of Heard's Estate, has complied with the responsive pleading requirements as set forth in Supplemental Rule G(5). In its March 21, 2013 Order, the Court explicitly granted Heard's Estate leave to file an untimely claim under Rule G(5). *See* Doc. #17, pp. 3-4. That is exactly what Pitts, on behalf of Heard's Estate, did—she filed a Verified Claim on April 10, 2013. Doc. #20. To the extent that the United States argues that Pitts, on behalf of Heard's Estate, did not file a timely answer within twenty-one (21) days thereafter, the Court finds that Heard's September 4, 2012 Answer satisfies the requirement. In its March 21, 2013 Order, the Court did not indicate that Heard's Estate would be required to file an answer in addition to that which had already been filed with the Court. Moreover, the Court's own mischaracterization of Heard's Answer, which was filed in his individual capacity, as having been filed on behalf of his Estate, will not now be used to penalize Pitts.

IT IS THEREFORE ORDERED that the United States' Motion to Strike the Claim of Linda Pitts in her Purported Official Capacity as Representative of the Estate of Noel Heard for Failure to Comply with the Pleading Requirements of Supplemental Rule G(5) (Doc. #22) is DENIED.

IT IS SO ORDERED.

DATED this 6th of May, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE