1
2
3
4
5
6
7
8
9

10              UNITED STATES DISTRICT COURT

11                    DISTRICT OF NEVADA

12   UNITED STATES OF AMERICA,          )    2:12-CV-1112-LRH-(CWH)
                                        )
13              Plaintiff,              )
                                        )
14      v.                              )    Settlement Agreement for Entry of Judgment
                                        )    of Forfeiture as to Linda Pitts As Duly
15   $91,110 IN UNITED STATES           )    Authorized Representative of The Estate of
     CURRENCY,                          )    Noel Heard and Order
16                                      )
                Defendant.              )
17

18      The United States of America and Linda Pitts, as the duly authorized representative of

19   the Estate of Noel Heard, and her counsel, Gabriel L. Grasso, agree as follows:

20      1.   This case is a civil forfeiture action seeking to forfeit $91,110 under Title 21,

21   United States Code, Section 881(a)(6).

22      2.   Linda Pitts knowingly and voluntarily agrees to the civil judicial forfeiture of the

23   $91,110.

24      3.   Linda Pitts knowingly and voluntarily agrees to forfeit the $91,110 to the United

25   States.

26   ///

1    4.   Linda Pitts knowingly and voluntarily agrees to relinquish all right, title, and
2 interest in the $91,110.

3    5.   Linda Pitts knowingly and voluntarily agrees to waive her right to any civil judicial
4 forfeiture proceedings (proceedings) concerning the $91,110.

5    6.   Linda Pitts knowingly and voluntarily agrees to waive service of process of any and
6 all documents filed in this action or any proceedings concerning the $91,110 arising from the
7 facts and circumstances of this case.

8    7.   Linda Pitts knowingly and voluntarily agrees to waive any further notice to her, her
9 agent, or her attorneys regarding the forfeiture and disposition of the $91,110.

10    8.   Linda Pitts knowingly and voluntarily agrees not to file any claim, answer, petition,
11 or other documents in any proceedings concerning the $91,110.

12    9.   Linda Pitts knowingly and voluntarily agrees to withdraw any claims, answers,
13 counterclaims, petitions, or other documents she filed in any proceedings concerning the
14 $91,110.

15    10.  Linda Pitts knowingly and voluntarily agrees to waive the statute of limitations, the
16 CAFRA requirements, Supplemental Rules for Admiralty or Maritime Claims and Asset
17 Forfeiture Actions A, C, E, and G, 18 U.S.C. § 983, the constitutional requirements, and the
18 constitutional due process requirements of any forfeiture proceedings concerning the $91,110.

19    11.  Linda Pitts knowingly and voluntarily agrees to waive her right to a trial on the
20 forfeiture of the $91,110.

21    12.  Linda Pitts knowingly and voluntarily agrees to waive (a) all constitutional, legal,
22 and equitable defenses to, (b) any constitutional or statutory double jeopardy defense or claim
23 concerning, and (c) any claim or defense under the Eighth Amendment to the United States
24 Constitution, including, but not limited to, any claim or defense of excessive fines or cruel and
25 unusual punishments in any proceedings concerning the $91,110.

26 / / /

2

13.  Linda Pitts knowingly and voluntarily agrees to the entry of a Judgment of Forfeiture of the \$91,110 to the United States.

14.  Linda Pitts knowingly and voluntarily agrees to the conditions set forth in this Settlement Agreement for Entry of Judgment of Forfeiture as to Linda Pitts as duly authorized representative of The Estate of Noel Heard and Order (Settlement Agreement).

15.  Linda Pitts knowingly and voluntarily agrees to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the Drug Enforcement Administration, the Transportation Security Administration, Homeland Security Investigations, the United States Department of Homeland Security, the Las Vegas Metropolitan Police Department, the Nevada Highway Patrol, the Henderson Police Department, their agencies, their agents, and their employees from any claim made by Linda Pitts or any third party arising out of the facts and circumstances of this case.

16.  Linda Pitts knowingly and voluntarily releases and forever discharges the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the Drug Enforcement Administration, the Transportation Security Administration, Homeland Security Investigations, the United States Department of Homeland Security, the Las Vegas Metropolitan Police Department, the Nevada Highway Patrol, the Henderson Police Department, their agencies, their agents, and their employees from any and all claims, rights, or causes of action of any kind that Linda Pitts now has or may hereafter have on account of, or in any way growing out of, the seizures and the forfeitures of the property in the civil judicial forfeiture.

17.  Linda Pitts knowingly and voluntarily acknowledges, understands, and agrees that (a) she will fill out the Department of the United States Treasury Automated Clearing House (ACH) form on behalf of Noel Heard and will be using his personal information to complete the form; (b) federal law requires the Department of the United States Treasury and other disbursing officials to offset federal payments to collect delinquent tax and non-tax debts owed to the

3

1  United States and to individual states (including past-due child support); (c) if an offset occurs to

2  the payment to be made on behalf of Noel Heard pursuant to this agreement, she will receive a

3  notification from the Department of the United States Treasury at the last address provided by

4  her to the governmental agency or entity to whom the offset payment is made; (d) if she believes

5  the payment may be subject to an offset, she may contact the Treasury Department at 1-800-304-

6  3107; (e) the terms of this settlement do not affect the tax obligations fines, penalties, or any

7  other monetary obligations owed to the United States or an individual state; and (f) the exact sum

8  delivered to Gabriel L. Grasso, on behalf of Noel Heard, may well be a lesser sum, if the

9  Treasury Offset Program reduces the amount in satisfaction of a debt obligation.

10  18. After the property is forfeited in the civil case and the United States District Court

11  has signed the Settlement Agreement concerning the property, within a practicable time

12  thereafter for the United States, the United States agrees to release to Linda Pitts as the duly

13  authorized representative of The Estate of Noel Heard one payment of $27,333 less any debt

14  owed to the United States, any agency of the United States, or any debt in which the United

15  States is authorized to collect, through Gabriel L. Grasso. Linda Pitts as the duly authorized

16  representative of The Estate of Noel Heard knowingly and voluntarily agrees to fill out the ACH

17  form accurately and correctly regarding Noel Heard and submit it to the United States Attorney's

18  Office so that the payment of the money can be disbursed by electronic fund transfer. Linda Pitts

19  as the duly authorized representative of The Estate of Noel Heard knowingly and voluntarily

20  agrees the $27,333 may be offset by any debt owed to the United States, any agency of the

21  United States, or any debt in which the United States is authorized to collect.

22  19. Each party acknowledges and warrants that its execution of the Settlement

23  Agreement is free and is voluntary.

24  20. The Settlement Agreement contains the entire agreement between the parties.

25  21. Except as expressly stated in the Settlement Agreement, no party, officer, agent,

26  employee, representative, or attorney has made any statement or representation to any other

4

party, person, or entity regarding any fact relied upon in entering into the Settlement Agreement, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing the Settlement Agreement.

22.  The persons signing the Settlement Agreement warrant and represent that they have full authority to execute the Settlement Agreement and to bind the persons and/or entities, on whose behalf they are signing, to the terms of the Settlement Agreement.

23.  This Settlement Agreement shall be construed and interpreted according to federal forfeiture law and federal common law.  The jurisdiction and the venue for any dispute related to, and/or arising from, this Settlement Agreement is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

24.  Each party shall bear her or its own attorneys' fees, expenses, costs, and interest.

25.  This Settlement Agreement shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Settlement Agreement.

///
///
///
///
///
///
///
///
///
///
///

1    IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was

2   reasonable cause for the seizure and forfeiture of the $91,110.

3

4   DATED: _____          DATED: _____

5   GABRIEL L. GRASSO, P.C.

6

7   _____                 DANIEL G. BOGDEN
                                     United States Attorney
8   GABRIEL L. GRASSO
    Counsel for Linda Pitts as the duly    _____
9   authorized representative for The Estate of    MICHAEL A. HUMPHREYS
    Noel Heard                          Assistant United States Attorney

10  DATED: 12/12/16

11

12  _____

13  LINDA PITTS, as the duly authorized
    representative for The Estate of Noel Heard

14

15

16

17

18                                   IT IS SO ORDERED:

19                                   DATED this 21st day of December, 2016

20

21                                   _____

22                                   LARRY R. HICKS
                                     UNITED STATES DISTRICT JUDGE
23

24

25

26

6