**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) 2:12-CV-1112-LRH-(CWH) |
| Plaintiff, | ) Default Judgment of Forfeiture as to all |
| v. | ) Persons or Entities Who May Claim an Interest in the $91,110.00 in United States Currency and Final Judgment of Forfeiture |
| $91,110.00 IN UNITED STATES CURRENCY, | ) as to $91,110.00 in United States Currency and Linda Pitts as Duly Authorized Representative of the Estate of Noel Heard |
| Defendant. | ) |

**I.   FACTS**

On February 26, 2012, Noel Heard presented two carry-on bags to TSA security screeners at McCarran International Airport as a pre-condition to being allowed to board a Southwest Airlines flight bound for Los Angeles. When TSA personnel x-rayed the bags they noticed anomalies. Because of the anomalies the bags were hand-searched. During the hand search, the screeners saw tears in the bags. The tears had tapes on them, and the tears were in the same location as the anomalies that had been highlighted by the x-ray machine.

With Noel Heard's consent the screeners removed the tape from each bag and found a cache of vacuum-sealed United States Currency hidden behind the liner of each bag. Vacuum-

sealed bags are commonly used in the illicit drug trade to package (and suppress the odor of) drugs and drug-laced currency. The currency was also tied together in separate packets by rubber bands, which is another method that couriers of drug-derived proceeds use to transport those proceeds. The total amount found in both bags was $91,110.00 in United States Currency.

When first questioned about the currency, Noel Heard said that it did not belong to him.

Shortly after the seizure occurred, Metro Police Officers joined the investigation and Heard agreed to walk to the police sub-station, where he consented to be interviewed about the currency. When officers, again, asked Heard whether he owned the currency, Heard changed his story and stated that the money belonged to him.

Heard told the officers that he had begun his travel in Atlanta, Georgia on the previous day (February 25, 2012) and when he arrived in Las Vegas he stayed over-night with a friend. He said that his plans were to travel to Los Angeles to scout for a location to open a clothing store. But later changed that story to say that he was going to leave the money at a friend's house and use the money from time to time as needed.

In addition, Heard told the officers that he had been to Los Angeles only once before. But later changed that story to say that he had been to Los Angeles on several occasions.

When Heard was asked about the source of the currency, he said that it was derived from sales at his clothing store in Atlanta, Georgia; drag racing motorcycles; investing; and, personal savings. Heard stated that he had receipts, bills of sale and other documents, which he would produce, to verify the legitimacy of the seized assets. Heard never produced any documentary proof regarding the nature, the source or the origin of the currency.

Immediately after the currency was seized, a trained drug detection dog, 'Vaya,' reacted to the currency as recently having been in close proximity to drugs.

Noel Heard has felony convictions for the following drug offenses:

- 2000 - Manufacturing, Selling, Dispensing, Distributing Drugs -Rockdale County (GA.) Superior Court

2

- 1992 - Dangerous Drugs -Rockdale County (GA.) Superior Court
- 1990 -Dangerous Drugs - Rockdale County (GA.) Superior Court

## II.    Procedural History

The United States filed a verified Complaint for Forfeiture in Rem on June 26, 2012. Complaint, ECF No. 1. The Complaint (ECF No. 1) alleges the defendant property:

    a.  was furnished or was intended to be furnished in exchange for controlled substances in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6);

    b.  is proceeds traceable to exchanges of controlled substances in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6); and

    c.  was used or was intended to be used to facilitate violations of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

On June 29, 2012, the Court entered an Order for Summons and Warrant of Arrest in Rem for the Property and Notice and issued the Summons and Warrant of Arrest in Rem. Order for Summons and Warrant, ECF No. 4; Summons and Warrant, ECF No. 5.

Pursuant to the Order (ECF No. 4), the Complaint (ECF No. 1), the Order (ECF No. 4), the Summons and Warrant (ECF No. 5), and the Notice of Complaint for Forfeiture were served on the $91,110.00 and all persons or entities who may claim an interest in the $91,110.00. Notice was published according to law.

Pursuant to Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (Fed. R. Civ. P. Supp. Rule) G(5), all persons interested in the defendant property were required to: (1) file a verified claim, setting forth the person's or its interest in the property, that

3

(a) identifies the specific property claimed, (b) identifies the claimant and states the claimant's interest in the property, (c) is signed by the claimant under penalty of perjury pursuant to 28 U.S.C. § 1746, and (d) served the government attorney listed below; (2) file the verified claim with the Clerk of the above-entitled Court no later than 35 days after the notice is sent or, if direct notice was not sent, no later than 60 days after the first day of publication on the official internet government forfeiture site, www.forfeiture.gov; (3) file an answer to the Complaint for Forfeiture in Rem or a motion under Rule 12 with the Clerk of the Court, Lloyd D. George United States Courthouse, 333 Las Vegas Boulevard South, Las Vegas, NV 89101, no later than 21 days after filing the verified claim; and (4) serve a copy of the verified claim and the answer at the time of each filing on Michael A. Humphreys, Assistant United States Attorney, 333 Las Vegas Boulevard South, Suite 5000, Las Vegas, Nevada 89101. Complaint, ECF No. 1; Order for Summons and Warrant, ECF No. 4; Summons and Warrant, ECF No. 5; Notice of Complaint, ECF No. 9.

Public notice of the forfeiture action and arrest was given to all persons and entities by publication via the official internet government forfeiture site, www.forfeiture.gov, from August 8, 2012, through September 6, 2012. Notice of Filing Proof of Publication, ECF No. 7.

On August 10, 2012, the United States Marshals Service served the Complaint, the Order, the Summons and Warrant of Arrest in Rem for the Property, and the Notice by executing them on the defendant property. Notice of Filing Service of Process, ECF No. 9-1, p. 1-13.

On August 14, 2012, the United States Marshals Service personally served the Complaint, the Order for Summons and Warrant of Arrest in Rem for the Property and Notice, the Summons and Warrant of Arrest in Rem for the Property, and the Notice of Complaint for Forfeiture and Arrest on Gabriel Grasso, Attorney for Noel Heard. Notice of Filing Service of Process, ECF No. 9-1, p. 14-26.

On August 14, 2012, the United States Marshals Service served the Complaint, the Order for Summons and Warrant of Arrest in Rem for the Property and Notice, the Summons and

4

Warrant of Arrest in Rem for the Property, and the Notice of Complaint for Forfeiture and Arrest on Noel Heard by certified return receipt mail and regular mail. The certified mail was returned as unclaimed. Notice of Filing Service of Process, ECF No. 9-1, p. 27-43.

On September 4, 2012, Noel Heard filed an Answer to the Complaint. Answer, ECF No. 6. On November 5, 2012, the government filed a Motion to Strike the Answer (ECF No. 12). On March 21, 2013, the court Denied the government's Motion to Strike (ECF No. 17).

On April 10, 2013, the Estate of Noel Heard filed a claim. Claim, ECF No. 20.

On February 12, 2014, the Estate of Noel Heard filed an Answer to the Complaint. Answer, ECF No. 23.

On December 20, 2016, the United States filed a Settlement Agreement for Entry of Judgment of Forfeiture as to Linda Pitts as Duly Authorized Representative of the Estate of Noel Heard and Order, (Linda Pitts) regarding the $91,110.00. Claimant waived, among other things, service of process. The government agreed to return $27,333 to Linda Pitts subject to the Treasury Offset Program, which collects any delinquent tax and non-tax debts owed to the United States and to individual states (including past-due child support) Linda Pitts may owe. The amount returned to her may be a lesser amount. Settlement Agreement, ECF No. 41.

On December 22, 2016, the Court entered the Order granting the Settlement Agreement for Entry of Judgment of Forfeiture as to Linda Pitts as Duly Authorized Representative of the Estate of Noel Heard and Order. Order Granting Settlement Agreement, ECF No. 42.

No other person or entity has filed a claim, answer, or responsive pleading within the time permitted by 18 U.S.C. § 983(a)(4) and Fed. R. Civ. P. Supp. Rule G(4) and (5).

On January 17, 2017, the United States filed a Motion for Entry of Clerk's Default against the $91,110.00 in United States Currency and all persons or entities who claim an interest in the $91,110.00 in United States Currency in the above-entitled action except Linda Pitts. Motion for Entry of Clerk's Default, ECF No. 43.

///

On January 18, 2017, the Clerk of the Court entered a Default against the $91,110.00 in United States Currency and all persons or entities who claim an interest in the $91,110.00 in United States Currency in the above-entitled action except Linda Pitts. Entry of Clerk's Default, ECF No. 44.

**III.  LEGAL STANDARD**

For purposes of a default judgment, the well-pled allegations of the complaint are taken as true. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 918 (9th Cir. 1987). Furthermore, upon default, the defendant's liability is conclusively established and the factual allegations in the complaint, except those relating to damages, are accepted as true. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). The power to grant or deny relief upon an application for default judgment is within the discretion of this Court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

Civil forfeiture cases have five elements that must be met to fulfill the legal standard and complete a default: (a) publication and personal service were completed as required in Fed. R. Civ. P. Supp. Rule G(4); (b) the judgment sought does not differ in kind from, or exceed in amount, from what is demanded in the pleadings pursuant to Fed. R. Civ. P. 54(c); (c) the Clerk of the Court has entered default for the specified amount pursuant to Fed. R. Civ. P. 55(b); (d) the complaint is legally sufficient to support a reasonable belief that the government will be able to meet its burden of proof pursuant to Fed. R. Civ. P. Supp. Rule G(2) (*Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1998)); and (e) no person has filed a claim, or the claim(s) have been resolved under 18 U.S.C. § 983(a)(4)(A) or Fed. R. Civ. P. Supp. Rule G(5). *United States v. Approximately $67,900.00 in U.S. Currency*, No. 2:13-CV-1173 JAM AC, 2014 WL 1330668 (E.D. Cal. Mar. 31, 2014).

Civil cases which do not directly address forfeiture have seven elements for consideration before entry of default: (a) the possibility of prejudice to the plaintiff if relief is denied; (b) the substantive merit of the plaintiff's claims; (c) the sufficiency of the complaint; (d)

the amount of money at stake; (e) the possibility of disputes to any material facts in the case; (f) whether default resulted from excusable neglect; and (g) the public policy favoring resolution of cases on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986); *United States v. $150,990.00 in U.S. Currency*, No. 2-12-CV-01014-JAD, 2014 WL 6065815, at 2 (D. Nev. Nov. 10, 2014).

**IV. THE LEGAL REQUIREMENTS FOR DEFAULT ARE MET**

   1.  <u>Notice</u>

Pursuant to Fed. R. Civ. P. Supp. Rule G(4)(a)(iv)(C), the United States published notice via the official internet government forfeiture site, www.forfeiture.gov, for thirty consecutive days. See above. Pursuant to Fed. R. Civ. P. Supp. Rule G(4)(b), the United States served the Complaint, the Order, the Summons and Warrant, and the Notice of Complaint on all known potential claimants. See above.

   2.  <u>Judgment Sought</u>

Pursuant to Fed. R. Civ. P. 54(c), the judgment by default does not "differ in kind from, or exceed [the] amount[]" of relief listed in the complaint for forfeiture. (brackets added).

   3.  <u>Default and Entry of Default</u>

As shown above, the United States has requested entry of Clerk's Default against the $91,110.00 in United States Currency and all persons or entities who claim an interest in the $91,110.00 in United States Currency in the above-entitled action except Linda Pitts (ECF No. 43). The Clerk entered the Default as requested (ECF No. 44) pursuant to Fed. R. Civ. P. 55(a) and (b)(1).

   4.  <u>Legal Sufficiency of the Complaint</u>

The Complaint filed in this action was verified. This Court has subject matter jurisdiction, in rem jurisdiction over the property, and venue. The Complaint described the property with reasonable particularity. The Complaint states where the seizure of the property occurred and its current location. The Complaint identifies the statutes under which the forfeiture

action is brought. Pursuant to Fed. R. Civ. P. Supp. Rule G(2), the Complaint alleges sufficiently detailed facts to support a reasonable belief that the United States will be able to meet its burden proof at trial. See facts above. Complaint, ECF No. 1.

The allegations of the Complaint are sustained by the evidence and are adopted as findings of fact. The Court concludes as a matter of law that the United States is entitled to the relief requested in the Complaint.

5. Potential Claimants

Linda Pitts has entered into a Settlement Agreement with the United States which resolves her claim on the property (ECF No. 42). No other person has filed a claim and the time to file a claim has passed.

6. The Plaintiff will be Prejudiced Without a Judgment

The government would clearly be prejudiced if it were to try this case rather than receive a default judgment, since it would incur the additional expense and effort of presenting evidence, which is unnecessary because the allegations of the complaint have been established by the default. Litigation is unnecessary and impractical. "[T]he government would be prejudiced by having to expend additional resources litigating an action that appears to be uncontested. This factor favors default judgment. *United States v. $150,990.00 in U.S. Currency*, No. 2-12-CV-01014-JAD, 2014 WL 6065815, at 2 (D. Nev. Nov. 10, 2014) (brackets added).

7. The Government's Claims are Meritorious and the Complaint is Sufficient

As shown in the statement of the case above, the government has a clear case against the property and the Complaint sufficiently alleges the facts of the case.

8. The Amount of Money at Stake

The amount of money at stake was clearly established in the Complaint (ECF No. 1) and is forfeitable pursuant to 21 U.S.C. § 881(a)(6).

/ / /

/ / /

8

9. <u>There are No Possible Disputes of Material Fact</u>

If default judgment were denied, there would be no issues of material fact. The proceeds were seized and the claimant was unable to show where the money came from, the currency was packaged similar to drug proceeds, and a drug detection dog responded positively to the presence of drugs on the currency. The default has, in any event, rendered the allegations of the complaint conclusively established as a matter of law.

10. <u>Default Was Not the Result of Excusable Neglect</u>

The record shows that the claimant was properly served with the Complaint, Order, Summons and Warrant, and the Notice and filed claims and answers to the complaint. The Claimant entered into a Settlement Agreement. As a result, there is no evidence of excusable neglect.

11. <u>Public Policy Does Not Prevent Default Judgment</u>

"While the Federal Rules favor decisions on the merits, they also allow for the termination of cases before the court can reach the merits… [t]hus, the preference to decide cases on the merits does not preclude a court from granting "default judgment." *Kloepping v. Fireman's Fund*, No. C 94-2684 TEH, 1996 WL 75314, at 3 (N.D. Cal. Feb. 13, 1996) (brackets added). Under Fed. R. Civ. P. 55(b), default judgments are allowed. Here, the claimant entered into a Settlement Agreement with the government. Denying the government's motion would not further public policy. Instead, it would delay the return of property as set forth in the Settlement Agreement (ECF No. 42). While cases should be decided on the merits when possible, the settlement with Linda Pitts makes a decision on the merits impractical, and default judgment and final judgment is therefore appropriate. *Rockstar, Inc. v. Rap Star 360 LLC*, No. 2:10-CV-00179-LRH, 2010 WL 2773588, at 3 (D. Nev. July 8, 2010).

Based on the foregoing this Court finds that the United States has shown its entitlement to a Default Judgment of Forfeiture as to all persons or entities who may claim an interest in the $91,110.00 in United States Currency and Final Judgment of Forfeiture as to $91,110.00 in

United States Currency and Linda Pitts as Duly Authorized Representative of the Estate of Noel Heard.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Default Judgment of Forfeiture is entered against all persons or entities who may claim an interest in the $91,110.00 in United States Currency in the above-entitled action.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Final Judgment of Forfeiture is entered against the $91,110.00 in United States Currency and Linda Pitts Pitts as Duly Authorized Representative of the Estate of Noel Heard.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the $91,110.00 in United States Currency is forfeited to the United States of America, and no right, title, or interest in the property shall exist in any other party, other than Linda Pitts as Duly Authorized Representative of the Estate of Noel Heard, whose rights and liabilities are adjudged below.

IT IS FURTHER ORDERED, ADJUDED AND DECREED, that, the property having been forfeited, within a practicable time hereafter for the United States, the United States must release to Linda Pitts, through Gabriel L. Grasso, one payment of $27,333.00, less any debt owed the United States, any agency of the United States, or any debt in which the United States is authorized to collect.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure or arrest of the property.

DATED this 15th day of February, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

10